IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| LYNDA ROSEMOND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv350 (LMB/JFA) |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On August 7, 2014, the magistrate judge assigned to this civil action issued a Report and Recommendation ("Report"), in which he recommended that the complaint be dismissed due to plaintiff's refusal to follow clear orders of the Court, which required her to file "full and complete" responses to defendant's first set of discovery requests by July 25, 2014 and to appear for her deposition on August 5, 2014. The Report advised the parties that any objection to the Report had to be filed within fourteen days.

On August 15, 2014, the Court received a "response" from the plaintiff which consists of a paragraph explaining that plaintiff injured her back and leg while at work on June 15, 2014, is taking pain medication and undergoing treatment. She attaches Florida Workers' Compensation forms dated July 7, 2014 and July 14, 2014, both of which document a back and leg injury,

but also state that she can return to work with the functional limitations of no repetitive bending and lifting, pulling, or pushing not to exceed 10 pounds. The ability to sit or stand would be at plaintiff's discretion.

The defendant filed a reply to plaintiff's objection, correctly pointing out that in the numerous pro se letters and motions plaintiff submitted before her August 5, 2014 deposition date, she never once stated or even suggested that she had a medical problem which prevented her from answering the written discovery requests or attending her deposition. Moreover, even if the medical evidence might excuse her from attending the deposition (which it does not), the various exertional limitations would hardly prevent her from filing "full and complete" written answers to defendant's discovery requests.

Defendant's reply is meritorious. As the record shows, during the same time period plaintiff was being treated for her back and leg injury, she was still able to write and mail numerous pleadings. The time and energy spent on those pleadings could just as well have been spent complying with the magistrate judge's order to file proper answers to defendant's discovery requests.

Because plaintiff has failed to follow clear orders of this Court, has failed to respond to defendant's legitimate discovery requests and to appear for her deposition, and has not provided

2

a persuasive objection to the Report, this Court adopts the factual findings and legal conclusions of the Report. Accordingly, plaintiff's objection to the Report is overruled and for the reasons stated in the Report, it is hereby

ORDERED that this civil action be and is DISMISSED WITH PREJUDICE.

Plaintiff has a right to appeal this decision. To appeal, she must file a written Notice of Appeal with the Clerk of this Court within thirty (30) days of receipt of this Order. A Notice of Appeal should not argue the case. Instead it should just indicate that plaintiff wants to appeal a specific Order of the Court, and list the date of the Order. The Court of Appeals will notify plaintiff when she should file her position. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in defendant's favor pursuant to Fed. R. Civ. P. 58 and forward copies of this Order to counsel of record and the plaintiff, pro se at her address of record.

Entered this 26th day of August, 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge